People v. Board of Supervisors of DeWitt County, 161 Ill. App. 529.

matter of inquiry was one upon which inexperienced persons were not likely to be capable of forming a correct judgment without assistance. The opinions of witnesses shown to be by actual experience and long observation, skilled in the railroad business, were therefore competent.

The evidence clearly warrants a finding that the defendant's track was defective and that it was negligent in that regard, but it is so close upon other of the issues involved, that we are constrained to hold that the errors indicated demand a reversal of the judgment and the remandment of the cause for another trial. One-half the cost of additional abstract will be taxed to appellant.

*Reversed and remanded.*

━━━━━━━━

**People of the State of Illinois, ex rel. John T. McKinney, Appellant, v. Board of Supervisors of DeWitt County, Appellee.**

1. BLIND—*act of 1903 providing for relief of, construed.* The power to relieve the blind in the manner prescribed by the act in question is purely statutory; the provisions of such act are not ministerial and it is within the discretion of the board of supervisors to grant or deny the relief prescribed.

2. MANDAMUS—*when writ does not issue.* A writ of *mandamus* does not issue to compel the exercise of a discretion; a clear right to relief must be shown.

Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

MONSON & GRAY, for appellant.

HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

John T. McKinney, appellant, on July 5, 1903, filed with the county clerk of DeWitt county a petition stating that he had been an actual resident of that county for eighteen years; that he was then and had been for thirteen years totally blind; that his income did not exceed $200 per year; that he was not a charge of any charitable institution of this state, and asking that the board of supervisors permit him to avail himself of an act for the relief of the blind, in force July 1, 1903. The board of supervisors at a regular meeting refused to grant the prayer of the petition or to appoint an examiner of the blind as provided by said act, and has since continued in such refusal. On October 17, 1908, appellant filed in the County Court a petition for *mandamus,* setting up the above facts and that he was still totally blind, and praying that a writ of *mandamus* issue against the board of supervisors commanding it to appoint a regular practicing physician examiner of the blind; that the board cause the county clerk to register petitioner's name as a person entitled to benefits for the blind, and that the board provide an annual appropriation for the payment to him of $150 per year from July 5, 1903. General and special demurrer to said petition was sustained by the court and judgment rendered against the petitioner in bar of action and for costs.

The power to relieve the blind in the manner prescribed by the statute sought to be invoked, is purely statutory. We are of opinion after reading and considering the act in question as a whole, as we properly should, that the provisions thereof are not mandatory and that it is within the discretion of the board of supervisors to grant the relief therein prescribed or not. This is manifest from the provisions of section 2, which provides that persons eligible thereunder "shall at the discretion of the board of supervisors receive the benefits therein provided." The board of super-

visors in the discharge of their official duties have not seen fit in the exercise of the discretion vested in them by this statute, to provide for the relief of the blind. As the matter is wholly discretionary it cannot be regulated by the courts. The appointment of an examiner of the blind is a mere incident to the principal relief sought. Such appointment if made, would accomplish no useful purpose whatsoever, and would be an idle act. A clear right to the relief sought by *mandamus* must be shown; otherwise the writ will be refused.

The judgment of the Circuit Court was proper and is affirmed.

*Affirmed.*